FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02745-BNB

ERNESTO ARELLANES SANTIAGO,

    Plaintiff,

v.

MR. BROWN, Health Services Administrator, at USP Lewisburg, and
OTHERS TO BE NAMED IN AMENDED COMPLAINT,
(Sued in Their Individual and Official Capacity),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ernesto Arellanes Santiago, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Santiago filed *pro se* a civil rights complaint for money damages pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe Mr. Santiago's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Santiago will be directed to file an amended complaint.

As background for his claims, Mr. Santiago asserts that he was stabbed ten times by another inmate on March 12, 2009, while incarcerated at the Unites States Penitentiary Coleman in Florida. Mr. Santiago asserts that since the stabbing he has been transferred to several different facilities but that prison officials at each facility have failed to treat his continuing injuries stemming from the stabbing. As his first claim, Mr. Santiago asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated because prison officials have failed to treat his injuries. As his second claim, Mr. Santiago asserts that there were prison officials present when the stabbing occurred but that the officers failed to protect him. However, Mr. Santiago fails to identify any of the prison officials responsible for the alleged constitutional violations and neither of his claims contains any allegations against the named defendant.

In addition, his complaint is unreasonably difficult to read due to the handwriting style used. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be legible. *See* D.C.COLO.LCivR 10.1G. The amended complaint Mr. Santiago will be directed to file, if handwritten, shall be written legibly, in capital and lower-case letters.

Because the complaint is difficult to read, it also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480

(10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Santiago to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Santiago will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Santiago is reminded that it is his responsibility to

present his claims in a legible format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Santiago must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Santiago must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Health Services Administrator Brown, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Santiago may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Santiago uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Santiago, therefore, will be directed to file an amended complaint that is filed on the Court-approved complaint form and legible to read, and that alleges, clearly and concisely, the asserted claims, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Ernesto Arellanes Santiago, **within thirty days from the date of this order** file an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Santiago, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Santiago fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 15, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02745-BNB

Ernesto Arellanes-Santiago
Reg. No. 05330-298
USP Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 15, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk